**THE UNITED STATES
DISTRICT COURT
FOR THE WESTERN DISTRICT
OF NORTH CAROLINA
401 West Trade Street, Room 210
Charlotte, NC 28202**

3:18cv 72 - RJC

BRIANNE STEPHENS,
T S S, minor,D S, minor
And D G S, minor Brought by mother
and next friend BRIANNE STEPHENS
and on behalf of all others similarly situated,

**PLAINTIFF(S)**

-v-

STATE OF NORTH CAROLINA,

OFFICE OF THE ATTORNEY GENERAL OF
STATE OF NORTH CAROLINA;

JOSHUA STEIN
in his official and individual capacity;

NORTH CAROLINA ADMINISTRATIVE
OFFICE OF THE COURTS;

NORTH CAROLINA JUDICIAL BRANCH of
MECKLENBURG COUNTY SUPERIOR COURT;

HON MARK MARTIN
in his official and individual capacity;

HON GARY L. HENDERSON,
in his official and individual capacity as Judge of the
Mecklenburg County District Court;

ASSOCIATION OF FAMILY AND CONCILIATION COURTS
(AFCC);

PETER SALEM
in his official and individual capacity;.

<u>Civil Action No :</u>

CIVIL RIGHTS ACTION, THE
AMERICANS WITH
DISABILITIES AMENDED
ACT SECTION 504 OF THE
REHABILITATION ACT OF
1973
FEDERAL QUESTION AND
DIVERSITY.

**File in association with**
DISTRICT OF OREGON DONJA BUNNEL
V THE STATE OF OREGON ET
AL 3:17 –CV-1786 (SI)

MIDDLE DISTRICT OF ALABAMA
MIRANDA MITCHELL V THE STATE OF
ALABAMA ET AL 2:17-CV-00768 (WC)

FEDERAL DISTRICT OF CONNECTICUT
SUSAN SKIPP ET AL V THE STATE OF
CONNECTICUT 3:17-CV-1974 (VB)

DISTRICT OF NEW JERSEY KAREN
WOLF ET AL V STATE OF NEW JERSEY
ET AL 2:2017-cv-02072

WESTERN DISTRICT OF OKLAHOMA
COURT LISA KNIGHT ET AL V THE
STATE OF OKLAHOMA ET AL 17- cv 1250
(VML) (GP)

NORTHERN DISTRICT OF CALIFORNIA
MELISSA BARNETT ET AL V THE STATE
OF CALIFORNIA ET AL 17-CV-05514 (SI)

NORTHERN DISTRICT OF CALIFORNIA
FLORENCE BOYER ET AL V THE STATE
OF CALIFORNIA ET AL 17-CV- 06063
(YGR)
**SEE ATTACHED**

COUNCIL FOR CHILDREN'S RIGHTS (CFCR);
In business capacity

BOB SIMMONS,
in his official and individual capacity;.

LESLEY E GARAFOLA,
in her official and individual capacity;

SMITH MOORE LEATHERWOOD ,
in business capacity;

JOHN PHILLIP ZIMMER,
in his official and individual capacity;

JOHN PARKER,,
 in his official and individual capacity;

SHANTRELL G. WILLIAMS,
in her official and individual capacity;

PEGGY THIES,
in her official and individual capacity;

PATRICIA ANN TUTONE ,
in her official and individual capacity;

MILLER BOWLES LAW FIRM,
In its business capacity;

BRETT CHRISTOPHER HOLLADAY,
in his official and individual capacity;

ANN ROSE MARIE JOHNSON LEWIS LAW FIRM, PLLC,
In its business capacity;

ANN ROSE MARIE JOHNSON LEWIS,
in her official and individual capacity;

CAROLINA HEALTHCARE SYSTEM BEHAVIORAL HEALTH,
in its business capacity;

CRYSTAL ROSE BULLARD,

in her official and individual capacity;

SHEUNESS CUTHBERTSON,
 in her official and individual capacity;

CENTER FOR CREATIVITY & HEALING, PC,
in its business capacity;

MARIE CURRAN,
in her official and individual capacity;

SHERRY LYERLY-TARNER, MS, LPCA,
in her official and individual capacity;

MECKLENBURG COUNTY DEPARTMENT OF SOCIAL SERVICES
CHILD PROTECTIVE SERVICES;(DSS) (CPS)
In its business capacity

 LASHONDA GREENE,
 in her official and individual capacity;

      **DEFENDANTS**


<u>**COMPLAINT**</u>

1. Plaintiffs BRIANNE STEPHENS alleges the following:

<u>**INTRODUCTION**</u>

2. BRIANNE STEPHENS, T.S S, D S, and D G S each a qualified individual with disabilities,

(collectively, "Plaintiffs"), bring this complaint against the above-named Defendants State of

NORTH CAROLINA, et al. (collectively "Defendants"), who are public and/or private entities.

From 2014 – present, Defendants have <u>regarded</u> Plaintiffs as having a mental impairment called

PAS, and depression and regarded T.SS, D.S. depression, anxiety and discriminated against

Plaintiffs according to these perceived mental impairments called parental alienation. Defendants

acted on assumptions and sex-based stereotypes about Plaintiffs' disabilities; and failed to individually analyze what services and supports would be appropriate considering those disabilities. Defendants refused to provide appropriate individualized treatment and accommodations necessary to ensure that Plaintiffs had full and equal opportunity to court proceedings to which BRIANNE STEPHENS parental rights and children's custody were at issue. Moreover, Defendants exploited Plaintiffs' disabilities.

3.   Defendants' actions, inactions, and omissions here violate Title II of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §§ 12131-12134, and its implementing regulation, 28 C.F.R. Part 35; Title III of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12181 *et seq.*, and its implementing regulation at 28 C.F.R. Part 36; and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

4.   Plaintiffs do not challenge or appeal a lawful State court decision. Plaintiffs challenge the lack of administrative safeguards and obligations required by the American with Disabilities Act as amended and Sec 504 of the rehabilitation act of 1973.

5.   These administrative failings resulted in the abborgations of Plaintiffs' 14 Amendments Rights.

6.   This matter raises an issue of general public importance."From the Public Health Perspective.

7.   In the judicial system, a norm is established against discrimination on the basis of disability tying law closely to public health.1 Thus, it would seem that justice and public health in many ways are interdependent. However, public health and law are separate disciplines, and as Wendy Parmet, a leading expert on health, disability, and public health law puts it, "The legal perspective contrasts dramatically with a public health population perspective. Legal reasoning tends to rely on analogy and deductive application of rules to facts. Public health works from empirical evidence and probabilistic reasoning." Including persons with disabilities providing equal stance in courts of law necessitates a blueprint that avoids exploitation of disabilities due to legal adversarial tactics"

**PARTIES**

8.  The United States has an Interest herein; This Case Is Of Imperative Public Importance ;

9.  Plaintiff, BRIANNE STEPHENS resides in MATTHEWS, NC 28104. is a 51 year old woman with disabilities and regarded as having disabilities she does not have.

10. Plaintiffs, T S S,D S, ANDD G S are three minor individuals who are the children of BRIANNE STEPHENS and are persons regarded as having disabilities.

11. Defendant, STATE OF NORTH CAROLINA et al, including its respective departments, agencies, and other instrumentalities, is a unit of local government in the State of North Carolina, is a "public entity" within the meaning of 42 U.S.C. § 12131(1) and is subject to the ADA and its implementing regulation. It is a recipient of federal financial assistance.

12. Defendant, NORTH CAROLINA JUDICIAL BRANCH including its respective departments, agencies, and other instrumentalities, is a unit of local government in the State of North Carolina, is a "public entity" within the meaning of 42 U.S.C. § 12131(1) and is subject to the ADA and its implementing regulation. It is a recipient of federal financial assistance.

13. Defendant, CHIEF JUSTICE Mark Martin, ID in the Supreme Courts of NC in his leadership role as the administrator and manager of NC's system, its courts, officers, and related offices and programs. It is a recipient of federal financial assistance. It is located PO Box 1841 Raleigh, NC 27602 He is being sued in his individual and official capacities

14. Defendant, ATTORNEY GENERAL of NC JOSHUA STEIN in his leadership role as the administrator and manager of NC's system, its courts, officers, and related offices and programs. is an independent attorney, member of the NC Bar Association and Mecklenburg County Bar Association. He is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations It is a recipient of federal financial assistance. It is located P.O.Box 629, Raleigh, NC 27602-0629 He is being sued in his individual and official capacities.

15. Defendant, ATTORNEY GENERAL OFFICE of NC in his leadership role as the administrator and manager of NC's system, its courts, officers, and related offices and programs. He is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations It is a recipient of federal financial assistance. It is located P.O.Box 629, Raleigh, NC 27602-0629 He is being sued in official capacity.

16. DEFENDANT, HON GARY L HENDERSON was the Presiding Judge of the NC DISTRICT COURT DIVISION FOR THE 26TH JUDICIAL DISTRICT in MECKLENBURG COUNTY, NC at the time of the events complained of herein.He is a recipient of federal financial assistance. He is located at District Court(26) 832 East 4th Street, Suite 9600 Charlotte, NC 28202 He is being sued in his official and individual capacity.

17. Defendant, BRETT CHRISTOPHER HOLLADAY, is an independent attorney, member of the NC Bar Association and Mecklenburg County Bar Association. He is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. He is a recipient of federal financial assistance. He is located at 508 East Boulevard Charlotte, North Carolina 28203. He is being sued in his official and individual capacity.

18. Defendant, MILLER BOWLES LAW FIRM is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. It is a recipient of federal financial assistance. Located at 508 East Boulevard Charlotte, North Carolina 28203. He is being sued in his business capacity

19. Defendant, ANN ROSE MARIE JOHNSON LEWIS, is an independent attorney, member of the NC Bar Association and Mecklenburg County Bar Association. She is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. She is a recipient of federal financial assistance. She is located 101 N. MCDOWELL STREET, SUITE 226, CHARLOTTE, NC 28204 She is being sued in her official and individual capacities.

20. Defendant, ANN ROSE MARIE JOHNSON LEWIS, PLLC is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. She is a recipient of federal financial assistance. She is located 101 N. MCDOWELL STREET, SUITE 226, CHARLOTTE, NC 28204 She is being sued in her business capacity.

21. Defendant, PEGGY THIES, is an independent attorney, member of the NC Bar Association and Mecklenburg County Bar Association. She is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. She is a recipient of federal financial assistance. She is located 601 East Fifth Street Suite 510 Charlotte, NC 28202. She is being sued in her official and individual capacities.

22. DEFENDANT LASHONDA GREENE She is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is

subject to the ADA and its implementing regulations. She is a recipient of federal financial assistance. She is located 301 Billingsley Rd, Charlotte, NC 28211. She is being sued in her official and individual capacities.

23. Defendant,SHANTRELL G, WILLIAMS, is an independent attorney, member of the NC Bar Association and Mecklenburg County Bar Association. She is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. She is a recipient of federal financial assistance. She is located 601 East Fifth Street Suite 510 Charlotte, NC 28202. She is being sued in her official and individual capacities.

24. Defendant, PATRICIA ANN TUTONE, is an independent attorney, member of the NC Bar Association and Mecklenburg County Bar Association. She is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. She is a recipient of federal financial assistance. She is located 601 East Fifth Street Suite 510 Charlotte, NC 28202. She is being sued in her official and individual capacities.

25. Defendant, JOHN PHILIP ZIMMER, is an independent attorney, member of the NC Bar Association and Mecklenburg County Bar Association. He is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. He is a recipient of federal financial assistance. He is located 101 N. Tryon Street Suite 1300 Charlotte NC 28246. He is being sued in his official and individual capacities.

26. Defendant, ROBERT W SIMMONS, is an independent attorney, member of the NC Bar Association and Mecklenburg County Bar Association. He is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. §

12181(1); and is subject to the ADA and its implementing regulations. He is a recipient of federal financial assistance. He is located 601 East Fifth Street Suite 510 Charlotte NC 28202. He is being sued in his individual and official capacities.

27. Defendant, JOHN J.PARKER, is an independent attorney, member of the NC Bar Association and Mecklenburg County Bar Association. He is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. He is a recipient of federal financial assistance. He is located at 4730 Woodlark Lane Charlotte, NC 28211 He is being sued in his individual and official capacities.

28. Defendant, LESLEY E GARAFOLA, is an independent custody advocate trained and approved by CFCR. NC district court appointee and doing business in NC, CFCR advocacy program. She is a "private entity" within the meaning of 42 U.S.C. § 12181 and its implementing regulation. SHE is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. She is a recipient of federal financial assistance. She is located at 2020 CHARLOTTE DR CHARLOTTE, NC 28203. She is being sued in her individual and official capacities

29. Defendant, DR. CRYSTAL ROSE BULLARD is an independent mental health provider licensed by the State of North Carolina to practice and doing business in North Carolina and South Carolina. She is a "private entity" within the meaning of 42 U.S.C. § 12181 and its implementing regulation. She is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. She is a recipient of federal financial assistance. She is a recipient of

federal financial assistance. She is located at 330 Billingsley Rd, Charlotte, NC 28211 She is

being sued in her individual and official capacities.

30. Defendant MARIE CURRAN is an independent mental health provider in State of NC and doing

business in MECKLENBURG, North Carolina. She is a "private entity" within the meaning of

42 U.S.C. § 12181 and its implementing regulation. She is both a "public entity" within the

meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. §

12181(1); and is subject to the ADA and its implementing regulations. She is a recipient of

federal financial assistance. She is located at CENTER FOR CREATIVITY & HEALING, PC

4728-C PARK ROAD CHARLOTTE, NC 28209. She is being sued in her individual and official

capacities.

31. Defendant, SHERRY LYERLY-TARNER, MS, LPC, RT is an independent mental health

provider in State of NC and doing business in North Carolina. She is a "private entity" within the

meaning of 42 U.S.C. § 12181 and its implementing regulation. She is both a "public entity"

within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42

U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. She is a recipient

of federal financial assistance. She is located at CENTER FOR CREATIVITY & HEALING, PC

4728-C PARK ROAD CHARLOTTE, NC 28209 and PURE WELLNESS & HEALING 4724-A

Park Road Charlotte, NC 28209.. She is being sued in her individual and official capacities.

32. Defendant, SHEUNESS CUTHBERTSON, BEHAVIORAL HEALTH CLINICIAN is an

independent mental health provider in State of NC and doing business in North Carolina. She is a

"private entity" within the meaning of 42 U.S.C. § 12181 and its implementing regulation. She is

both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the

meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations.

She is a recipient of federal financial assistance. She is located at 330 Billingsley Rd, Charlotte, NC 28211 She is being sued in her individual and official capacities.

33. DEFENDANT PETER SALEM as principal , executive director of AFCC. He is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. He is a recipient of federal financial assistance. He is located at 6525 Grand Teton Plaza Madison WI 53719. He is being sued in his individual and official capacities.

34. Defendant The Association of Family and Conciliation Courts, AFCC, is a "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations is a world wide organization who generate a revenue by creating programing for problems they create and sell their solutions as programing and policies in Family Courts around the World. None of their programing is compliant with ADA/ADAAA and they teach its members how to circumvent federal laws and Constitutional Principles and Practices with local state rules. AFCC is the Association of Family and Conciliation Courts – the premier interdisciplinary and international association of professionals dedicated to the resolution of family conflict. AFCC members are the leading practitioners, researchers, teachers and policymakers in the family court arena who create, train, sell, endorse programming that violated the ADA/ADAAA. Instead of resolving conflict, its member inject conflict, do not protect children from abuse or women from domestic violence. It is obligated to make its facilities and programing accessible and not discriminatory to people with disabilities Located at 6525 Grand Teton Plaza Madison WI 53719. AFCC is being sued in its business capacity

35. DEFENDANT CENTER FOR CREATIVITY & HEALING(CFCH) s a "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations None of their programing is compliant with ADA/ADAAA and they teach its staff how to

circumvent federal laws and Constitutional Principles and Practices with local state rules. It is located at 4728-C PARK RD, CHARLOTTE, NC 28209. CFCH is being sued in its business capacity.

36. DEFENDANT SMITH MOORE LEATHERWOOD is a "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations None of their programing is compliant with ADA/ADAAA Supervise JOHN ZIMMER It is located at 101 North Tryon St ste 1300 Charlotte, NC 28246. It is being sued in its business capacity

<u>**JURISDICTION AND VENUE**</u>

37. This Court has jurisdiction of this action under 28 U.S.C. § 1331, and 42 U.S.C. §§ 12133, 12188 and 1983. The Court may grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202. The Court may grant attorney's fees pursuant to 42 U.S.C. § 12205

38. <u>Exhibit 1 Prakel v Indiana, the court considered whether the son of a criminal defendant was entitled to an ASL interpreter to attend his mother's court proceeding.86 After noting that Title II applied to members of the public and that there is a clear history of the public's right to attend criminal proceedings, the court concluded that this right is included within Title II's protections. It was undisputed that the plaintiff required an ASL interpreter to communicate effectively and that one was not provided. As a result, the court concluded that the plaintiff was denied effective communication and the opportunity to enjoy the benefits of the state courts' services, programs, and activities</u>

39. The acts and omissions of Defendants giving rise to this action occurred in MECKLENBURG COUNTY, NC and UNION COUNTY, NC . Plaintiffs have been situated and aggrieved in UNION COUNTY, NC during a substantial portion of the events giving rise to this action, including present unmitigated harm occurring in this district, making venue proper in this judicial district pursuant to 28 U.S.C. § 1391.

40. Enforcement by the United States Attorney General is invoked pursuant to 42 U.S.C. §§ 12133 and 12188.

41. **FRCP 5.1. Constitutional challenge to appointing mental health providers or any type of evaluations into a civil family proceeding. FRCP 5.1. Constitutional challenge the CFCR Does the judge have the power to discriminate against Plaintiffs with disability from associating with Plaintiff with disability?**

## FACTS

42. At all times herein, Plaintiff Brianne Stephens is a female and biological mother of T S S,D G S, and D S.

43. The United States Department of Health and Human Services (HHS) and the United States Department of Justice (DOJ) issued a technical assistance manual in August 2015, stating: "Title II of the ADA applies to the services, programs, and activities of all state and local governments throughout the United States, including child welfare agencies and court systems. The "services, programs, and activities" provided by public entities include, but are not limited to, investigations, assessments, provision of in-home services, removal of children from their homes, case planning and service planning, visitation, guardianship, adoption, foster care, and reunification services. "Services, programs, and activities" also extend to child welfare hearings, custody hearings, and proceedings to terminate parental rights."

44. On April 2016 DEFENDANT HON GARY L HENDERSON RULED Plaintiff with disability be removed from Plaintiff mother primary care due to "PAS", violating Title II of the ADA, 42 U.S.C. § 12131 *et seq.*, and its implementing regulations, 28 C.F.R. Part 35; Title III of the ADA,

42 U.S.C. § 12181 *et seq.*, and its implementing regulations, 28 C.F.R. Part 36; and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794;

45. Title II authorizes suits by private citizens for money damages against public entities that violate § 12132. See 42 U.S.C. § 12133 (incorporating by reference 29 U.S.C. § 794a).

46. On April 2016 DEFENDANT JOHN PARKER stated "Ms Stephens is an excellent parent" in open court. Defendant then recommended Minor children TSS,D S be removed from plaintiffs care based on regarded as having disabilities namely "PAS", Parent Alienation. Defendant told Plaintiff, "should something go wrong with minor children in fathers care he will come back on my side with a vengeance" DEFENDANT continued to be biased and discriminating against plaintiffs based on disabilities. Recommending and successfully Segregating plaintiffs from each other based on disabilities.violating Title II of the ADA, 42 U.S.C. § 12131 *et seq.*, and its implementing regulations, 28 C.F.R. Part 35; Title III of the ADA, 42 U.S.C. § 12181 *et seq.*, and its implementing regulations, 28 C.F.R. Part 36; and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794

47. Defendant JOHN PARKER ON March 29, 2017 court rm 8130 abruptly withdrew from representing minor Plaintiff TSS discriminating based on disabilities denying plaintiff's good services and left minor Plaintiff without legal representation. Then recommended segregating plaintiffs. Used coercion, intimidation toward Plaintiffs with disabilities violating Title II of the ADA, 42 U.S.C. § 12131 *et seq.*, and its implementing regulations, 28 C.F.R. Part 35; Title III of the ADA, 42 U.S.C. § 12181 *et seq.*, and its implementing regulations, 28 C.F.R. Part 36; and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794

48. Plaintiffs, noted in the "associated cases" filed similar complaints of disability discrimination and other acts prohibited by The Americans with Disabilities as Amended Act. (ADA/ADAAA) In

their complaints, all women claimed same causes of action under ADA/ADAAA and 504 and included in their cause of action "and those similarly situated."

49. Plaintiffs are similarly situated.

50. In APRIL 2007, Ms BRIANNE STEPHENS obtained an approved Parental Contract Agreement concerning TSS,D S minors. The Court of Justice signed an order approving Parent Contract Agreement, agreed and signed by both parents, approving minor children TSS,D S, will reside primarily and in the care of Ms BRIANNE STEPHENS.

51. DEFENDANT HON GARY L HENDERSON was my child support enforcement attorney 7/2007 He should have recused himself from this custody proceeding. Instead Defendant discriminated against plaintiffs with disabilities, and regarded as having disabilities, and subsequently ruled biased against Plaintiffs based on disabilities. Plaintiffs were denied honest goods and services because we were disabled/presumed disabled on the backs of disabled Plaintiffs."

52. According to the U.S. Dept. of Justice, gender bias against women in child custody proceedings is prevalent. (Saunders' report, 2012).

53. The Association of Family and Conciliation Courts (AFCC) promotes the use of "PAS" and use of mental diagnosis and other mental health accusations against mothers and children in family courts.

54. It is the policy of the State of NC and its agencies to use PAS, depression, physical disabilities and other mental health accusations against women and children in family court proceedings. This policy has a disparate impact that adversely affects women and children.

55. The State of NORTH CAROLINA et al., failed to inform Ms. Brianne Stephens of their policy to give preferential treatment to fathers, and that they were acting out of financial motivation, to obtain professional fees and federal "access" grants via The Healthy Marriage and Responsible Fatherhood (HMRF) initiative. U.S. Department of Health and Human Services (DHHS)

56. Because Defendants regarded Ms. Brianne Stephens as having of PAS, Depression the court was biased against her according to this sex-based stereotype. As a result, Plaintiffs could not fully and equally participate in court proceedings.

57. Defendants did not refer Plaintiffs to a disability accommodations coordinator at the courthouse or at any other location, during the pendency of the family court proceedings, nor offer accommodations to the Plaintiffs. As a result, Plaintiffs could not fully and equally participate in court proceedings.

58. Title II entities have not completed self-evaluations for any of the program, policies, interagency agreements that the plaintiffs were forced to use. If such evaluations took place, harm could have been mitigated. per § 35.105 Self-evaluation. Part (d) of this section is important because most entities purport that they did self-evaluations in 1993. However, the law changed twice, and evaluations that take in consideration these changes show a good faith effort on the entity's behalf. This is not the case here. (d) If a public entity has already complied with the self-evaluation requirement of a regulation implementing section 504 of the Rehabilitation Act of 1973, then the requirements of this section shall apply only to those policies and practices that were not included in the previous self-evaluation.

59. Defendants faked the existence of a mental health impairment, namely "PAS," Parental alienation, as a cause of action for segregating Plaintiffs'.

60. Defendants stereotyped and stigmatized Ms. Brianne Stephens and repeatedly acted on assumptions about Ms. Brianne Stephens mental impairment.

61. Defendants perpetuated the use of "PAS, Parent Alienation, as a real syndrome to prejudice Ms. Brianne Stephens and other women in the family courts

62. DEFENDANT MARIE CURRAN presenter (parental alienation) for volunteer training for custody advocates at Council for Children Rights, founding committee for AFCC NC chapter failed to inform Plaintiff of Parent Alienation agenda used by Courts, CFCR and employee DEFENDANT SHERRY LYERLY TARNER

63. State and Federal laws such the Health Insurance Portability and Accountability Act of 1996 (HIPAA) provide that an individual has the right to privacy and nondiscrimination, the right to choose and decline their own healthcare providers, the right to a trusting relationship with their mental healthcare providers, and the right to Informed Consent.

64. Further, the Fourth Amendment protects the right to privacy, and the Fifth Amendment protects a person from being compelled to incriminate oneself in such evaluations or therapy ordered by the court.

65. DEFENDANT Shantrell G. Williams on 8/19/2014 stated she called my children's therapist. Therapist then called Plaintiff back upset and cancelled our 1st intake appointment. Then Shantrell Williams coerced Plaintiff into choosing DEFENDANT Sherry Lyerly Tarner who is trained and supervised by DEFENDANT MARIE CURRAN the presenter (parental alienation) for volunteer training for custody advocates at Council for Children Rights, founding committee for AFCC NC chapter.

66. DEFENDANT JOHN PARKER DEFENDANT JOHN PHILLIP ZIMMER harassed and coerced Plaintiff to cancel my child's existing therapy appointments at Daymark 8/12/2014 Defendants forced or coerced Plaintiffs into several evaluations where their mental health was questioned by providers. Ms Brianne Stephens did not choose and to whom she specifically objected in open court due to lack of trust. Moreover, Plaintiffs mental health was discussed in open court. This created a hostile environment for the Plaintiffs.

67. Ms Brianne Stephens also has manifested Anxiety, Acute Stress Disorder (ASD) leads to PTSD since removal of child D S. She has received treatment accordingly.

68. From 2014 - present, NC and Mecklenburg County Court has regarded Plaintiffs as each having one or more mental health disabilities, mainly "Parental Alienation Syndrome, Parent Alienation, Depression and Physical Disability and at no time did the obligated defendants offer accommodations or reasonable modifications to Ms BRIANNE STEPHENS

69. Ms BRIANNE STEPHENS is a qualified individual with disabilities within the meaning of 42 U.S.C. §§ 12102 and 12131(2).

70. T S S, D S, andD G S are qualified individuals with disabilities within the meaning of 42 U.S.C. §§ 12102 and 12131(2).

71. "PAS, Alienation " theory places a sex-based stereotype on women.

72. According to the American Psychological Association (APA), there is no reliable empirical data to support the so-called phenomenon of "Parental Alienation Syndrome." Or alienation This "syndrome" and similar ones are used almost exclusively against women.

73. The APA has repeatedly dismissed theory of "Parental Alienation Syndrome" for inclusion in the Diagnostic and Statistical Manual of Mental Disorders.

74. According to the U.S. Dept. of Justice, gender bias against women in child custody proceedings is prevalent. (Saunders' report, 2012).

75. The Association of Family and Conciliation Courts (AFCC) promotes the use of "PAS" and other mental health accusations against mothers and children in family courts.

76. In 2015 HON GARY L HENDERSON also ordered Plaintiffs' with disabilities into custody evaluations with SHERRY LYERLY-TARNER, MS, LPCA to assess them. The court ordered Ms. Brianne Stephens to bring children to sessions costing approximately $1,580.00 for the cost of travel to Mecklenburg County from Union County, to the evaluator; and this was a forced and coerced contract.and it was bc you were disabled/presumed disabled

77. The NC Court did not inform Ms. Brianne Stephens who the evaluator would be, nor if this court appointee was vetted by the State of NC to comply with anti-discrimination statutes.

78. SHERRY LYERLY-TARNER, MS, LPCA grilled Ms. Brianne Stephens and the children. CFCR COURT APPOINTEES used SHERRY LYERLY-TARNER, MS, LPCA reports to formulate their

scheme as well is protected under several federal and state laws, including the Health Insurance

Portability Act (HIPAA). The ADA/ADAAA applied in conjunction with other federal laws, provides

protection at a level greater or equal to that provided by other federal and state laws, and prevails over

any conflicting the ADA/ADAAA" ADA Title II Technical Assistance Manual, II-1.4200.

84. This includes manifestation of PTSD, courts falsely accused Plaintiff of a history of abuse are

manifestations of Ms. Brianne Stephens actual disability of Sjogren's Disease, Scleroderma, Partial

Blindness, Digestive disorder.

85. The defendants' actions and inactions, most relevant are the prohibitions of 42 USC 12203 clear

violation of Title 42 U.S.C. § 12203, a prohibition against interference, coercion, intimidation, and

threatening;, which grossly manifested into physiological symptoms including nausea and nervous

stomach. Ms. Brianne Stephens was visibly ill and under duress; had difficulty breathing, chills, flu like

symptoms and had to medicate herself was unable to cope and communicate effectively in court; and

unable to fully understand the proceedings.

86. The State and its agencies did not inform Ms. Brianne Stephens if this SHERRY LYERLY-TARNER,

MS, LPCA and DEFENDANT MARIA CURRAN was vetted by the State of NC to comply with

anti-discrimination statutes.

87. The State of NC et al did not provide Ms. Brianne Stephens a full and equal opportunity to benefit from

its services in support of reunification with her children.

88. DR C BULLARD,  SHEUNESS CUTHBERTSON ON 11/1/2017 PURPOSELY DENIED plaintiff

FAMILY THERAPY NIGHT HELD DURING D S PARTIAL HOSPITALIZATION FROM OCT 17,

2017 -NOV 7, 2017 denying Plaintiff right to therapy/services.

89. DEFENDANT JOHN PHILLIP ZIMMER on 10/2014 coerced Plaintiff under duress to change our visit

schedule, however I didn't agree to an open period in our parental  Parent Contract.  I never gave

permission to destroy our parental contract agreement that kept Plaintiff and children safe, gave us a sense of stability and emotional well being. I would never ever allow those to be taken from us.

90. DEFENDANT LASHONDA GREENE, On JULY 3, 2017 failed to offer services through the department.Discriminated against plaintiffs with disabilities and failed to keep minor plaintiff safe. Plaintiff with disability then hospitalized after being left in care of at-risk Fathers home.caseworkers are not only corrupt, but also incompetent; the State fails to train them adequately to protect children. Instead they employ threats and manipulation, which happened here.

91. The NC, DSS, CFCR are obligated to make reasonable efforts to maintain the family unit and to prevent the unnecessary removal of a child from his or her home.They did not make those efforts in regard to Plaintiffs. Plaintiffs were denied honest goods and services on the backs of disabled plaintiffs

92. The State of NC and its agencies are inaccessible to Plaintiff Brianne Stephens

93. Because the Defendants exploited Plaintiffs' disabilities, it has rendered Brianne Stephens diagnoses ASD leads to PTSD so severe that she does not trust them, has lost faith in the legal system, and cannot effectively communicate with them to retrieve and access her child.

94. Ms. Brianne Stephens has experienced physiological impairments accompany in PTSD that negatively affect major life activities and bodily functions - significant loss of sleep, depression, anxiety, difficulty concentrating, and difficulty breathing, inter alia. Ms.Brianne Stephens has had to seek a significant amount of medical treatment to mitigate her condition (i.e. Dr visits, therapy, medications).

95. ASD leads to PTSD is not curable. The duration and manifestations of Ms. Brianne Stephens ASD, ASD leads to PTSD are greater than six (6) months and are lifelong. Studies consistently show that individuals with ASD leads to PTSD have an increased risk of dying from coronary heart disease.

96. Defendants have failed to mitigate the ongoing harm complained of herein.

97. Plaintiffs' reserve the right to expand these proceedings.

98. Plaintiffs' reserve the right to include Defendants

## CAUSE OF ACTION

### COUNT I

### VIOLATIONS OF PROTECTION PROVIDED BY TITLES II AND III OF

### THE AMERICANS WITH DISABILITIES ACT

99. Paragraphs prior are re-alleged and reasserted as if fully set forth here.

100.    Brianne Stephens is an individual with Scleroderma, Sjogrens, Partial Blindness; and regarded by Defendants as an individual having "PAS" and Depression. She required appropriate individualized treatment and accommodations necessary to ensure full and equal access to court proceedings concerning her parental rights and the custody of her minor childrenD S and T S S.; accordingly, she is a qualified individual with a disability as defined by 42 U.S.C. §§ 12102 and 12131(2). ASD leads to, PTSD is listed under "predictable assessments" under the ADA and its implementing regulation. Plaintiff's disabilities must be assessed without regard to mitigating measures.

101.    T S S andD S are two minor children regarded by Defendants as individuals having "PAS." Anxiety, Depression. They required appropriate individualized treatment and accommodations necessary to ensure full and equal access to court proceedings concerning their custody and their mother's parental rights; accordingly, they are each a qualified individual with a disability as defined by 42 U.S.C. §§ 12102 and 12131(2). Plaintiffs' disabilities must be assessed without regard to mitigating measures.

102.    Because the actions complained of herein occurred from 2014 to present, the greatly expanded definition of the ADA Amendments Act of 2008, Final Rule of 2016, and parallel State law changes apply.

103.    Ms. Brianne Stephens actual disabilities Sjogrens,Scleroderma, anxiety, ASD, ASD leads to PTSD disabilities fall under actual physical and mental impairment/psychiatric injury and physiological

impairment, which substantially limit one or more major life activities. Ms. Brianne Stephens has records of such impairments.

104. Plaintiffs' "PAS" and Depression disabilities fall under the greatly expanded *regarded as* prong of the ADA. Ms. Brianne Stephens has court records of such perceived mental impairments.

105. *Major life activities* and *substantial limitations* are to be construed as broadly as possible under the ADAAA and its implementing regulations.

106. Under the ADAAA, "major life activities" include "major bodily functions."

107. Plaintiffs do not have to identify any major life activity or bodily functions that are substantially limited, under the ADAAA and its implementing regulations, but have.

108. Defendants have subjected Plaintiffs to an ongoing mental war zone from 2014 – present. The U.S. military does not send any personnel on a tour lasting over 278 days as it is found to cause harm.

109. Each day that passes adds incremental harm. Ms. Brianne Stephens ASD leads to PTSD cannot be treated until the ongoing trauma ends. A mitigating measure and remedy would require the restoration of Plaintiff child D S to Plaintiff mother, and siblings per enforcement of the PARENTAL CONTRACT AGREEMENT.

110. Defendants have failed to mitigate the harm they have done to Plaintiffs'.

111. Unmitigated harm is a continuing cause of action.

112. Defendants State of North Carolina court STATE OF NORTH CAROLINA, OFFICE OF THE ATTORNEY GENERAL OF STATE OF NORTH CAROLINA; NORTH CAROLINA ADMINISTRATIVE OFFICE OF THE COURTS; NORTH CAROLINA JUDICIAL BRANCH of MECKLENBURG COUNTY SUPERIOR COURT; HON MARK MARTIN in his official and individual capacity; HON GARY L. HENDERSON, in his official and individual capacity as Judge of the Mecklenburg County District Court; ASSOCIATION OF FAMILY AND CONCILIATION

COURTS (AFCC); COUNCIL FOR CHILDREN'S RIGHTS (CFCR); BOB SIMMONS, in his official and individual capacity;.MECKLENBURG COUNTY DEPARTMENT OF SOCIAL SERVICES

113. CHILD PROTECTIVE SERVICES; are a government or a department, agency, or other instrumentality of a State or states or local government; accordingly, Defendants are public entities as defined in 42 U.S.C. § 12131(1).

114. Defendants SHERRY LYERLY-TARNER, MARIE CURRAN CRYSTAL ROSE BULLARD, SHEUNESS CUTHBERTSON, JOHN PHILLIP ZIMMER, JOHN PARKER, PEGGY THIES, PATRICIA ANN TUTONE, BRETT CHRISTOPHER HOLLADAY, ANN ROSE MARIE JOHNSON LEWIS, LESLEY GARAFOLA are private entities within the meaning of 42 U.S.C. § 12181.

115. Defendants are subject to both Title II and Title III of the ADA because of contractual arrangements.

116. Title II of the ADA, 42 U.S.C. § 12132, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

117. Title III of the ADA, 42 U.S.C. § 12182, provides that: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

118. Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(ii), provides that: "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

119.    Defendants removed Ms. Brianne Stephens child D S from her custody, no contact and effectively

de facto terminated her parental rights based on regarding her as having "PAS", Alienation, Depression

and the sex-based stereotype of that "mental impairment"; and based on Ms. Brianne Stephens ASD

leads to PTSD and assumptions about this mental impairment. As a result, TSS D S, and D G S have

been discriminated against on the basis of their association with an individual with a disability.

120.    Defendants and DEFENDANT BRETT CHRISTOPHER HOLLADAY have intentionally

discriminated against Plaintiffs as qualified individuals with disabilities, on the basis and stereotypical

assumptions of those disabilities, and through contractual arrangements, in the full and equal

opportunity of their services, programs, activities, facilities, privileges, advantages, and

accommodations, in violation of Title II of the ADA, as amended, 42 U.S.C. § 12131 *et seq.*, and its

implementing regulation at 28 C.F.R. Parts 35; Title III of the ADA, as amended, 42 U.S.C. § 12181 *et*

*seq.*, and its implementing regulation at 28 C.F.R. Parts 36, by, inter alia:

121.    DEFENDANT LASHONDA GREENE caseworkers are not only corrupt, but also incompetent; the

State fails to train them adequately to protect children with disabilities. Instead they employ threats and

manipulation, which happened here. Denying Plaintiff's' the opportunity to participate in or benefit from

Defendants' services, programs, activities, facilities, privileges, advantages, and accommodations in

violation of 28 C.F.R. § 35.130(b)(1)(i); and 28 C.F.R. §§ 36.201, 36.202, and 36.203.

122.    DEFENDANTS ANN ROSE LEWIS JOHNSON used delayed tactics that prevented the case from

being heard in a timely manner. Denying Plaintiff's with disabilities and regarded as having disabilities

an opportunity to participate in or benefit from Defendants' services, programs, activities, facilities,

privileges, advantages, and accommodations that is not equal to that afforded to Ms. Brianne Stephens

children's father in violation of 28 C.F.R. § 35.130(b)(1)(ii); and 28 C.F.R. §§ 36.201, 36.202;

123.    On December 6 and 7, 2018 Defendants ANN ROSE LEWIS JOHNSON falsified facts and law to

benefit themselves financially, harass and oppress Plaintiffs with regarded as having disabilities, put

children with disabilities in crisis, inflict emotional distress upon Plaintiffs,

124.    Limiting Plaintiffs in the enjoyment of the rights, privileges, advantages, or opportunities enjoyed

by Ms. Brianne Stephens children's father, in violation of 28 C.F.R. § 35.130(b)(1)(vii); and 28 C.F.R.

§§ 36.201, 36.202;

125.    Utilizing criteria or methods of administration that had the effect of subjecting an individual with a

disability to discrimination on the basis of disability or that have the purpose or effect of defeating or

substantially impairing accomplishment of the objectives of Defendants' services, programs, and

activities with respect to individuals with disabilities, in violation of 28 C.F.R. § 35.130(b)(3); and 28

C.F.R. §§ 36.301(a) and 36.204;

126.    On January 30, 2017 DEFENDANT JOHN J. PARKER  emailed PLAINTIFFS' atty

DEFENDANT BRETT HOLLADAY  indicating that CFCR  want to proceed with a psychological

evaluation through Monarch for PLAINTIFF.  JOHN J. PARKER asked that BRETT HOLLADAY

draft the Order. these activities, selecting vendors, forcing/coercing Plaintiffs into, and entering into,

contractual arrangements to be used to evaluate Plaintiffs' mental health that had the effect of excluding

Plaintiffs from, denying them the benefits of, or otherwise subjecting them to discrimination and

disparate treatment, or that have the purpose or effect of defeating or substantially impairing the

accomplishment of the objectives of Defendants' services, programs, and activities with respect to

individuals with disabilities, in violation of 28 C.F.R. § 35.130 (b)(1)(v) and (b)(4); and 28 C.F.R. §§

36.201, 36.202, and 36.203.

127.    DEFENDANT BRETT CHRISTOPHER HOLLADAY FAILED TO ADDRESS persona

jurisdiction or inform PLAINTIFF of Disability Court Coordinator knowing Ms Brianne Stephens

had disabilities and was regarded as having "PAS" disabilities by DEFENDANTS. Plaintiff asked

if she could use UNION county courts since we lived and went to school there. and was told "No" by DEFENDANT HOLLADAY. Ms Brianne Stephens was forced to commute from UNION county to Mecklenburg County Court. Defendant BRETT HOLLADAY'S actions and inactions lead to further harm to Plaintiffs needs of persons with disabilities, in violation of 28 C.F.R. § 35.130(d); and 28 CFR 36.203

128.    Failing to make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the Defendants can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity, in violation of 28 C.F.R. § 35.130(b)(7); and 28 C.F.R. § 36.302;

129.    failing to administer Defendants' services, programs, and activities in the most integrated setting appropriate to the needs of persons with disabilities, in violation of 28 C.F.R. § 35.130(d); and 28 CFR 36.203;

130.    failing to operate Defendants' services, programs, activities, and facilities so that, when viewed in its entirety, it is readily accessible to and usable by mothers and their children, in the most integrated setting appropriate, in violation of 28 C.F.R. §§ 35.150 and 35.151; and 28 C.F.R. § 36.203;

131.    refusing to offer and provide appropriate individualized treatment and accommodations necessary to ensure full and equal opportunity for Ms Brianne Stephens and her children to participate in Defendants' programs, services, and activities;

132.    stereotyping and stigmatizing Ms. Brianne Stephens and repeatedly acting on assumptions about Ms. Brianne Stephens's disabilities in violation of 28 C.F.R. § 35.130(h); and 28 C.F.R. § 36.301(b);

133.    perpetuating the use of "Parental Alienation Syndrome, parental alienation Past depression to discriminate Plaintiff and children from associating with each other. They discriminated against Plaintiff from associating with child partially based on Munchausen By Proxy (fake history) given by children's father. also used undiagnosed "PAS" as a real syndrome to prejudice Ms. Brianne Stephens

and other women in the family courts in violation of 28 C.F.R. § 35.130 (b)(1)(v); and 28 C.F.R. § 36.301;

134.    excluding or otherwise denying equal services, programs, or activities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association, in violation of 28 C.F.R. 35.130(g);

135.    Defendants included children's father and girlfriend (now ex-girlfriend) in family sessions while excluding or otherwise denying PLAINTIFF mother of equal services.

136.    depriving the Plaintiffs of their honest services;

137.    blocking or otherwise denying representation by an attorney for Plaintiffs TSS to protect her rights;

138.    DEFENDANT HON GARY L HENDERSON RULED, on 1/2/2018 PLAINTIFF used supervised visits to pray with son, then discontinued all visits de facto ten months. violating Title II of the ADA, 42 U.S.C. § 12131 *et seq.*, and its implementing regulations, 28 C.F.R. Part 35; Title III of the ADA, 42 U.S.C. § 12181 *et seq.*, and its implementing regulations, 28 C.F.R. Part 36; and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794;

139.    segregating Plaintiffs from each other based on disability;

140.    effectively de facto terminating Ms. Brianne Stephens parental rights AND CUSTODY based on disability and regarded as having disabilities ;

141.    retaliating against Plaintiffs in violation of 28 C.F.R. 35.134; DEFENDANT HON GARY L HENDERSON RULED MS Brianne can attend school activities 11/2016. When MS Brianne Stephens attended school activity 2/2017, court ruled no wrongdoing on 3/29/2017. Later ruled 1/2/2018 violation for attending school activity.  Court  discriminated against Ms Brianne Stephens, with disability, from associating with childD S with disability.

142.    failing to mitigate the harm that continues through present.

143. DEFENDANT PEGGY THEIS emailed, on January 18, 2018, "we will not be filing a motion to challenge subject matter jurisdiction." After Plaintiff requested jurisdiction be addressed to allow Plaintiffs equal access to courts. DEFENDANTS actions and inactions excluded or otherwise denying equal services, programs, or activities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association, in violation of 28 C.F.R. 35.130(g);

144. As a result of Defendants actions and inactions, Ms. Brianne Stephens and her three children TSS,D S, and D G S are persons aggrieved who have been injured and suffered pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non pecuniary losses.

145. A Judge is not immune for tortious acts committed in a purely Administrative, non-judicial capacity. Forrester v. White, 484 U.S. at 227-229, 108 S.Ct. at 544-545; Stump v. Sparkman, 435 U.S. at 380, 98 S.Ct. at 1106. Mireles v. Waco, 112 S.Ct. 286 at 288 (1991).

146. A state forfeits its sovereign immunity upon accepting the funding under section 504 of the Rehabilitation Act of 1973. Any immunity is abrogated.

147. The Defendants in this section have not done self-evaluations of their agencies, policies interagency agreements, etc. per § 35.105 Self-evaluation.

## COUNT II

## VIOLATIONS OF TITLE III OF ADA/ADAAA

148. Defendant The Association of Family and Conciliation Courts, AFCC, is a "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations is a world wide organization who generate a revenue by creating programing for problems they create and sell their solutions as programing and policies in Family Courts around the World. None of their programing is compliant with ADA/ADAAA and they teach its members how to circumvent federal

laws and Constitutional Principles and Practices with local state rules. AFCC is the Association of Family and Conciliation Courts – the premier interdisciplinary and international association of professionals dedicated to the resolution of family conflict. AFCC members are the leading practitioners, researchers, teachers and policymakers in the family court arena who create, train, sell, endorse programming that violated the ADA/ADAAA. Instead of resolving conflict, its member inject conflict, do not protect children from abuse, neglect or women from domestic violence. It is obligated to make its facilities and programing accessible and not discriminatory to people with disabilities.

149.    This entity depends on disregarding the ADA/ADAAA to open mothers' contract that two parents signed regarding the care, custody, financial consideration of the two plaintiff minor children TS S and D S,and such was an interference of the plaintiff mothers right to contract. It is obligated to make its facilities accessible to people with disabilities.

150.    DEFENDANT HON GARY L HENDERSON ruled on January 2, 2018 Plaintiff has a history of abuse, WITH NO HISTORY OF ABUSE. No evidence presented of abuse.NO MEDICAL PROOF. DEFENDANT  have not done self-evaluations of their agencies, policies interagency agreements, etc. per § 35.105 Self-evaluation.

151.    Violation of this lead to loss of parenting time and further perpetuate emotional abuse.

### COUNT III

### VIOLATIONS OF 42 USC 12203 COERCION AND INTIMIDATION
### AND SECTION 504 OF THE REHABILITATION ACT OF 1973

152.    All previous paragraphs are re-alleged and reasserted as if fully set forth here.

153.    Brianne Stephens is an individual with Sjogrens Disease, Scleroderma, Partial Blindness and regarded by Defendants as an individual having "PAS" and Depression . She required appropriate individualized treatment, accommodations, and full and equal access to court proceedings concerning

her parental rights and the custody of her minor children TSS and D S accordingly, she is a qualified individual with a disability.

154.    DEFENDANTS ACTIONS AND INACTIONS caused injury to PLAINTIFFS WITH DISABILITIES.

155.    T S S and D S, two. minor children **regarded by Defendants** as individuals having "PAS, Anxiety, Depression" They required appropriate individualized treatment, accommodations, and full and equal access to court proceedings concerning their custody and their mother's parental rights; accordingly, they are each a qualified individual with a disability.

156.    Defendants are recipients of federal financial assistance.

157.    The Healthy Marriage and Responsible Fatherhood (HMRF) initiative is a $150 million discretionary grant program originally authorized under the Deficit Reduction Act of 2005 and reauthorized under the Claims Resolution Act of 2010.

158.    The State of NC et al, have a policy and *modus operandi* of discriminating against mothers, particularly single mothers and victims of domestic violence, in order to receive federal grants via The Healthy Marriage and Responsible Fatherhood (HMRF) initiative.  Defendants pit Responsible Fatherhood against the Violence Against Women Act (VAWA) to generate a cyclical need for funding.

159.    See Quillion v Wollcot US 1978, when a dissolution is granted the state creates two new families and the "best interest is interest standard is unconstitutional for the state to disturb the families it created. Only by child protective services can the state intercede in families.

160.    Defendants have a pattern and practice of using mental health accusations and discriminatory policies, namely "PAS and Depression," against mothers and children to achieve the goal of getting federal funding via HMRF.

161.    Defendants here used Ms. Brianne Stephens family to obtain federal "access" grants via Fatherhood funding to further discriminate against Ms. Brianne Stephens and her children.  Defendants gave,

children's father more access to the children to the extent where Ms.Brianne Stephens access to the children was completely taken away based on her disabilities and sex-based stereotypes of those disabilities.

162.     Defendants perpetuated a cycle of psychological conditioning, eugenics, and social engineering here. All Defendants who are mental health professionals and social workers are well-aware of the outcome of their intentional tortious actions; Harry Harlow's experiments on rhesus macaques and reports on his findings of the negative effects of maternal deprivation is standard learning for Psychology and Sociology education. Defendants are knowingly doing damage to individuals and to society as a whole. Their actions cause depression, problems in interpersonal relationships, suicide, homicide, and many other inflictions and adverse outcomes that affect society and global commerce.

163.     Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, provides that no qualified individual with a disability, solely by the reason of his or her disability, may "be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

164.     Defendants have discriminated intentionally against Plaintiffs by refusing appropriate individualized treatment and accommodations necessary to ensure full and equal opportunity for Plaintiffs to participate in Defendants' programs in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

165.     The plaintiffs are seeking damages and other relief from the defendants' lack of compliance with ADA/ADAAA and 504. These administrative failings resulted in denial of plaintiff's 14th amendment rights. The defendants' actions resulted in deprivations and ongoing and accruing harm that is under color of office, color of authority and color of law. Actions the defendants are obligated to remedy but instead willfully continue harm. So egregious that every attempt plaintiff makes to vindicate their rights, they are retaliated against.

## COUNT IV

## DAMAGES ASSOCIATED WITH

## VIOLATIONS OF 42 USC 12203 COERCION AND INTIMIDATION

166.    DEFENDANTS clear violation of Title 42 U.S.C. § 12203, a prohibition against interference,

coercion, intimidation, and threatening; As a result of Defendants' actions and inactions, Ms. Brianne

Stephens and her children TSS,D S, and D G S are persons aggrieved who have been injured and

suffered pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment

of life, and other non pecuniary losses.

167.    Picking v. Pennsylvania R. Co. 151 Fed. 2nd 240; Pucket v. Cox 456 2nd 233

Pro se pleadings are to be considered without regard to technicality; pro se litigants pleadings are not to be

held to the same high standards of perfection as lawyers. Plaintiffs require the accommodation or

reasonable modification of counsel. Please see motion for counsel.

168.    The plaintiffs' are providing Judicial Notice: "a parent who is a party to the lawsuit and who has

the same interests as the child is a proper representative under Fed. R. Civ. P. 17(c). See generally T.W.

by Enk v. Brophy, 124 F.3d 893, 895-97 (7th Cir. 1997); see also In re Chicago, Rock Island & Pac.

R.R. Co., 788 F.2d 1280, 1282 (7th Cir. 1986)

## Prayer for Relief

169.    an order assigning counsel to represent the plaintiff in these proceedings

170.    WHEREFORE, Plaintiffs demand judgment against Defendants for the following:

171. a judgment declaring that Defendants have violated Title II of the ADA, 42 U.S.C. §12131 *et seq.*, and its implementing regulation, 28 C.F.R. Part 35; Title III of the ADA, 42 U.S.C. §12181 *et seq.*, and its implementing regulation, 28 C.F.R. Part 36; and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794;

172. An order Enjoining Defendants, their officers, agents and employees, and all other persons in active concert or participation with Defendants, as well as any successors or assigns, from engaging in discriminatory policies and practices against individuals based on their disabilities, and specifically from failing or refusing to take appropriate steps to ensure compliance with the requirements of Title II of the ADA, 42 U.S.C. § 12131 *et seq.*, and its implementing regulations, 28 C.F.R. Part 35; Title III of the ADA, 42 U.S.C. § 12181 *et seq.*, and its implementing regulations, 28 C.F.R. Part 36, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794;

173. An Order directing Defendants to modify their policies, practices, and procedures as necessary to bring them into compliance with Title II of the ADA, 42 U.S.C. § 12131 *et seq.*, and its implementing regulations, 28 C.F.R. Part 35; Title III of the ADA, 42 U.S.C. § 12181 *et seq.*, and its implementing regulations, 28 C.F.R. Part 36; and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794;

174. An Order directing Defendants, their agents and successors in office, and all persons acting in concert with the Defendants to promptly remedy the demonstrated violations of Title II of the ADA and its implementing regulation, and mitigate harm to Plaintiffs;

175. An order Terminating Defendants' federal financial assistance;

176. An order assessing civil penalties against Defendants as authorized by 42 U.S.C. § 12188(b)(2)(C) to vindicate the public interest;

177. An order directing reimbursement To Ms Brianne Stephens

178. An order to award compensatory and punitive and damages to Plaintiffs; $120,000.00 per year, for 5 years 2014-2018 totaling $600,000.00 for each Plaintiff from defendants. Order

allowing Plaintiff Ms Brianne Stephens control of ALL monies at my discretion, tax free, and with no

claw back or other interventions/intercepts on any dollar including IRS or any others. And trust set ups

for minor children Plaintiffs TSS, DS, DGS with Plaintiff Ms Brianne Stephens, mother, as controller,

owner of those trust funds, and how/when to disburse monies.

    **179.**    To award Plaintiffs' attorney's fees and costs;

    **180.**    .Injunctive relief a habeas to return child D S.

**181.**    Declaratory relief  court to declare all orders made, post-Parental Contract Agreement from 2014 to

2018 be void as they are legal nullities and this a void order can be challenged in any court.

**182.**    Order such other appropriate relief as the interests of justice require.


Submitted by,

*Brianne Stephens*

Brianne Stephens
831 White Oak Lane
Matthews, NC 28104
980 475-5180
bsh566@aol.com

NORTH CAROLINA

**<u>VERIFICATION</u>**

MECKLENBURG COUNTY

I, BRIANNE STEPHENS, being first duly sworn and says that she is the Plaintiff in this matter, that she has read the foregoing complaint and knows the contents to be true of her own personal knowledge, except as to those matters set forth upon information and belief, and as those matters, she believes them to be true.

_____
BRIANNE STEPHENS

Sworn to and subscribed before me this
8th day of February 2018.

_____
Notary Public
My commission expires June 20, 2022

| ROBIN F. WATERS |
| NOTARY PUBLIC |
| Mecklenburg County |
| North Carolina |
| My Commission Expires June 20, 2022 |