IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18CV72-RJC-DSC

| | |
|---|---|
| BRIANNE STEPHENS et. al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| STATE OF NORTH CAROLINA et. al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Defendants' respective "Motion[s] to Dismiss" (documents ##88, 89, 92, 96, 100, 101, 102 and 108), as well as the parties' briefs and exhibits. The Court will also address the following non-dispositive Motions: pro se Plaintiff's "Motion to Consolidate Actions 3:18cv126 into this action 3:18cv72" (document #38); "Motion to Amend Complaint" (document #39), and "Motion to Disqualify … Attorneys" (document #61), and the CFCR Defendants' "Motion to Stay" (document #53).

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for the Court's consideration.

Because Plaintiff subsequently amended her Complaint as of right, see Amended Complaint (document #84), her Motion to Amend Complaint (document #39) is denied as moot.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motions to Dismiss be granted, as discussed below.

1

Since the undersigned has recommended dismissal of this action in its entirety, the "Motion to Consolidate Actions 3:18cv126 into this action 3:18cv72" (document #38), "Motion to Disqualify … Attorneys" (document #61), and "Motion to Stay" (document #53) are <u>denied as moot</u>.

## I. <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>

This action arises from a child custody hearing held on December 6 and 7, 2017 in Mecklenburg County District Court. The hearing addressed custody of Plaintiff DS, who is Plaintiff Stephens' minor child. Plaintiff was present at the hearing and represented by counsel. (Docket entry #52-1 p. 4). On February 8, 2018, Mecklenburg County District Court Judge Gary L. Henderson entered a Temporary Child Custody Order awarding temporary physical and legal custody of DS to the child's father Tarik Shah. Judge Henderson found that Plaintiff was "not a fit and proper person to have physical custody or contact with the child at this time." (Docket entry 52-1 at 5). The issue of custody is to be reviewed in December 2018.

That same day, Plaintiff filed this Complaint on behalf of herself and her three minor children, which as amended, purports to allege claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. She has named virtually every person and entity connected to the state court proceeding as a Defendant here. While Plaintiff complains of discrimination based upon her alleged disabilities, her Complaint amounts to an appeal of the Child Custody Order. She seeks to have all orders entered in the state court proceeding invalidated.

## II. DISCUSSION OF CLAIMS

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than

conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"). However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff's Complaint amounts to an appeal of a state court judgment that it is barred by the Rooker-Feldman doctrine. As the Fourth Circuit has explained:

> Under the Rooker–Feldman doctrine, a "party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court." Johnson v. De Grandy, 512 U.S. 997, 1005–06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994). We regard the doctrine as jurisdictional. See Friedman's, Inc. v. Dunlap, 290 F.3d 191, 196 (4th Cir.2002) ("Because the Rooker–Feldman doctrine is jurisdictional, we are obliged to address it before proceeding further in our analysis."); Plyler v. Moore, 129 F.3d 728, 731 (4th Cir.

4

Case 3:18-cv-00072-RJC-DSC   Document 123   Filed 07/05/18   Page 4 of 7

1997) ("Under the Rooker–Feldman doctrine, lower federal courts do not have jurisdiction to review state-court decisions."); Jordahl v. Democratic Party of Va., 122 F.3d 192, 197 n. 5 (4th Cir. 1997) (noting that the Rooker–Feldman doctrine is a jurisdictional matter that a court is empowered to raise *sua sponte* ). The notion that Rooker–Feldman is jurisdictional "rests on two basic propositions of federal jurisdiction." Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 198 (4th Cir. 2000). One is that "Congress ... vested the authority to review state court judgments in the United States Supreme Court alone" under 28 U.S.C. § 1257(a). Id. at 198–99. The other is that "Congress has empowered the federal district courts to exercise only original jurisdiction." Id. at 199. The Rooker–Feldman doctrine, therefore, preserves a fundamental tenet in our system of federalism that, with the exception of habeas cases, appellate review of state court decisions occurs first within the state appellate system and then in the United States Supreme Court. See Plyler, 129 F.3d at 731. A litigant may not circumvent these jurisdictional mandates by instituting a federal action which, although not styled as an appeal, "amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court." Id. at 733; see Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir.1997) (explaining that a litigant "may not escape the jurisdictional bar of Rooker–Feldman by merely refashioning its attack on the state court judgment[ ] as a § 1983 claim"). For purposes of Rooker–Feldman, "[t]he controlling question ... is whether a party seeks the federal district court to review a state court decision and thus pass upon the merits of that state court decision." Jordahl, 122 F.3d at 202; see Brown & Root, 211 F.3d at 202 ("[T]he pivotal inquiry is whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim." (alterations and internal quotation marks omitted).

Am. Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 316 (4th Cir. 2003). See also, District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Company, 263 U.S. 413, 416 (1923); Stratton v. Mecklenburg County Dep't of Soc. Servs., 521 Fed. App'x. 278, 288 (4th Cir. 2013) (applying Rooker-Feldman, affirming dismissal of purported Section 1983 complaint alleging eight claims against thirty defendants arising from state court termination of parental rights of couple's nine children).

Similar to the parents in Stratton, Plaintiff is dissatisfied with the outcome of a state court child custody proceeding and attempts an appeal to federal court. Plaintiff's allegations relate directly to and are inextricable intertwined with the state court custody case. Accordingly, the

Complaint is barred by Rooker-Feldman. The undersigned respectfully recommends that Defendants' Motions to Dismiss be granted.

## III. ORDER

**IT IS HEREBY ORDERED** that:

1. Plaintiff's "Motion to Consolidate Actions 3:18cv126 into this action 3:18cv72" (document #38), "Motion to Amend Complaint" (document #39), and "Motion to Disqualify … Attorneys" (document #61), and the CFCR Defendants' "Motion to Stay" (document #53) are **DENIED AS MOOT**.

2. All further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendants' respective "Motion[s] to Dismiss" (documents ##88, 89, 92, 96, 100, 101, 102 and 108) be **GRANTED** and the Complaint be **DISMISSED WITH PREJUDICE**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising

such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to pro se Plaintiffs, to defense counsel, and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: July 5, 2018

David S. Cayer
United States Magistrate Judge