UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00072-RJC-DSC

| | |
|---|---|
| BRIANNE STEPHENS et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| STATE OF NORTH CAROLINA et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Defendants' respective Motions to Dismiss, (Doc. Nos. 88, 89, 92, 96, 100, 101, 102, and 108), as well as the parties' briefs and exhibits; the Magistrate Judge's Memorandum and Recommendation (M&R), (Doc. No. 123), recommending dismissal of all claims with prejudice; Plaintiff's Objection, (Doc. No. 124); and Defendants' Replies to Plaintiff's Objections, (Doc. Nos. 125–28).

I.  **BACKGROUND**

This case arises from a child custody determination made in Mecklenburg County District Court. Displeased with the results of the state court's determination, Brianne Stephens ("Plaintiff"), the mother of the minor child whose custody was at issue, filed the instant suit on February 8, 2018. (Doc. No. 1). Plaintiff also removed the companion case 3:18-cv-00126-RJC-DSC, in which nearly

identical claims and facts were plead, from Mecklenburg County District Court to this Court.  In that suit, Plaintiff named the father of her minor child, Tarik Shah, as the sole defendant.  Here, however, Plaintiff has named thirty defendants, most of whom are state entities or officials, judges, or attorneys involved in Plaintiff's state-court custody proceedings.  (See Doc. No. 1).

A child custody hearing was held on December 6 and 7, 2017, in which the custody of DS, Brianne Stephens's ("Plaintiff") minor child, was addressed.  (See Stephens v. State, NCWD File No. 3:18-cv-00072-RJC-DSC, Doc. No. 52-1: Temporary Child Custody Order at 1).  Plaintiff was present at the hearing and was represented by counsel.  (Id.).  On January 8, 2018, Tarik Shah ("Defendant"), DS's father, filed a Motion for Modification of Child Support Order to terminate the child support payments he had been making to Plaintiff.  (Doc. No. 1-1 at 1).  On February 8, 2018, District Court Judge Gary L. Henderson entered a Temporary Child Custody Order (hereinafter, "Child Custody Order") awarding temporary physical and legal custody of DS to Defendant.  (See Stephens v. State, NCWD File No. 3:18-cv-00072-RJC-DSC, Doc. No. 52-1 at 5).  Judge Henderson found that Plaintiff was not "a fit and proper person to have physical custody or contact with the child at this time."  (Id.).  Plaintiff filed the instant suit on behalf of herself and her three minor children in federal district court that same day.  (Doc. No. 1).  Plaintiff amended her Complaint as of right on May 8, 2018.  (Doc. No. 84).  As amended, this suit purports to allege claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. and Section 504 of the Rehabilitation Act, 29 U.S.C.

§ 794. Although Plaintiff complains of discrimination based upon her alleged disabilities, her Complaint is nothing more than an attempt to appeal the state-court Child Custody Order in a federal forum. Plaintiff asks this Court to invalidate the state-court orders issued throughout her child custody proceedings.

All Defendants have moved to dismiss this suit, filing various Rule 12(b) motions. (See Doc. Nos. 88, 89, 92, 96, 100, 101, 102, and 108). On July 5, 2018, Magistrate Judge Cayer issued an M&R recommending that Defendants' motions to dismiss be granted and that Plaintiff's Complaint be dismissed with prejudice. (Doc. No. 123). Plaintiff filed an Objection on July 16, 2018, (Doc. No. 124), and Defendants timely filed replies on July 30, 2018. (See Doc. Nos. 125–28). For the reasons set forth below, this Court grants Defendants' Motions to Dismiss and finds that this Court lacks jurisdiction to adjudicate this suit under the Rooker-Feldman doctrine.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) and (B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano

v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id.

## III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. Except for numbered paragraphs 1–17 and 130, Plaintiff's Objection consists of an almost verbatim restatement of her Amended Complaint. (Compare Doc. No. 124 ¶¶ 18–129, with Doc. No. 84 ¶¶ 1–7, 37–39, 41–97, 99–127, and 166–82). Moreover, paragraphs 1–17 do not present any new evidence or legal argument to challenge the M&R. Rather, they continue to argue that Plaintiff should not have lost custody of her child in the state-court proceedings. And thus, they enforce the Magistrate Judge's recommendation. For example, paragraphs 2–7 ask the Court to take "judicial notice" of cases in which the underlying issue was parental custody of minor children. (Doc. No. 124 ¶¶ 2–7). This reinforces the fact that Plaintiff's case is nothing more than an attempt to appeal the state-court child custody determination in federal court. Indeed, in paragraph 17, Plaintiff pleads that the current federal action is based on allegations that Defendants violated her right "to be a parent to [her] children." (Id. ¶ 17). Despite the absence of new evidence or legal arguments raised in Plaintiff's Objection, the Court has nevertheless conducted a de novo review. In doing so, the

Court is convinced that it does not have jurisdiction over this dispute under the Rooker-Feldman doctrine.

### A. Rooker-Feldman Doctrine

The United States Supreme Court has exclusive jurisdiction over appeals from state-court judgments. See 28 U.S.C. § 1257(a); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). Relatedly, the Rooker-Feldman doctrine bars "a party losing in state court from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1006 (1994). "The Rooker-Feldman doctrine bars lower federal courts from considering not only issues raised and decided in state courts, but also issues that are 'inextricably intertwined' with the issues that are before the state court." Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005) (quoting Feldman, 460 U.S. at 486). The Fourth Circuit has explained that "if the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside the jurisdiction of the federal district court." Davani v. Va. Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006).

The Supreme Court has emphasized that the Rooker-Feldman doctrine is a narrow doctrine and only applies to cases brought by state-court losers seeking redress for an injury caused by the state-court decision itself. Metcalf v. Call, 2014

5

WL 12497025, at *2 (W.D.N.C. Mar. 31, 2014), aff'd, 584 F. App'x 56 (4th Cir. 2014). "If he is not challenging the state-court decision, the Rooker-Feldman doctrine does not apply." Davani, 434 F.3d at 718 (footnote omitted). Thus, under this doctrine, a plaintiff is barred from appealing in federal court a child custody judgment previously litigated in state court—exactly what Plaintiff seeks to do here. Metcalf, 2014 WL 12497025, at *2.

In the instant case, Plaintiff asks this Court to invalidate the state-court proceedings and complains of the state court's policies and practices that allegedly disrupted the "parent-child relationship[]." (Doc. No. 124 ¶¶ 12, 181). Indeed, she even attaches the state court's Child Custody Order to her federal Amended Complaint, (Doc. No. 84 at 31–38), and asks this Court to declare the Child Custody Order "void" as a "legal nullit[y]." (Id. ¶ 181). Additionally, Plaintiff seeks "injunctive relief" and asks this Court to "return child D.S." (Id. ¶ 180). In sum, despite Plaintiff's attempts to veil her child custody appeal as a lawsuit alleging violations of various federal anti-discrimination laws, this Court must pierce the pleadings and expose this case for what it is: a state-court loser's effort to seek federal redress for an injury caused by a state-court decision. As such, Plaintiff's federal claim is inextricably intertwined with the state-court decision and is therefore outside the jurisdiction of this Court. While the Court is mindful of the latitude extended to pro se pleadings, Haines v. Kerner, 404 U.S. 519, 520 (1972), it cannot condone Plaintiff's unabashed attempt to appeal the state-court decision in an improper forum, nor can it manufacture federal jurisdiction where none exists.

## IV. CONCLUSION

Accordingly, Plaintiff's Complaint is barred by the Rooker-Feldman doctrine.

**IT IS THEREFORE ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 123), is **AFFIRMED and ADOPTED**;

2. Defendants' Motions to Dismiss, (Doc. Nos. 88, 89, 92, 96, 100, 101, 102, and 108), are **GRANTED.**

3. Plaintiff's Amended Complaint, (Doc. No. 84), is **DISMISSED WITH PREJUDICE**; and

4. The Clerk of Court is directed to close this case.

Signed: January 11, 2019

Robert J. Conrad, Jr.
United States District Judge